UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD GARNER,

       Petitioner,

                                              CASE NO. 2:08-CV-10413
v.                                      HONORABLE BERNARD A. FRIEDMAN

THOMAS BELL,

       Respondent.
_____/

## OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

**I.    Introduction**

Bernard Garner ("Petitioner"), a state prisoner presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Michigan Parole Board's decision to deny him parole. Petitioner pleaded guilty to third-degree criminal sexual conduct in the Wayne County Circuit Court and was sentenced to three to 15 years imprisonment in 2002. Petitioner states that the Michigan Parole Board denied him parole on November 2, 2007 and ordered a 12-month continuance. Petitioner asserts that the Michigan Parole Board violated his due process rights by relying upon inaccurate information in denying him parole.[1]

---

[1]Petitioner has also filed a civil action entitled "Complaint for Declaratory Judgment" challenging the parole denial and the parole procedures. *See* Case No. 08-CV-10414. That case has been transferred to the United States District Court for the Western District of Michigan.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition for writ of habeas corpus must be dismissed.

**II.    Discussion**

In order to demonstrate that he is entitled to habeas corpus relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner alleges a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment provides in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. As the United States Supreme Court has explained, the Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

The Supreme Court has definitively held that there is no right under the United States Constitution of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S.

2

1, 7 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a State's laws, a liberty interest which is subject to constitutional protection. *See Thompson*, 490 U.S. at 460 (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).

In deciding whether a liberty interest arises under the laws of a State, the Supreme Court closely examines the language of the State's relevant statutes and regulations. *Id*. at 461. "Stated simply," the Court explained, "'a State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Id*. at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). As the Court further advised:

> "A state may do this in a number of ways . . . the most common manner in which a State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making . . . and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met.

*Id*. (citing *Hewitt*, 459 U.S. at 472). In order to find that a liberty interest arises under a State's laws, the Court has required "that the regulations contain 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Id*. (quoting *Hewitt*, 459 U.S. at 471-72.

Applying these standards, the Michigan Court of Appeals and the courts within the Sixth Circuit have concluded that a liberty interest in parole does not arise under Michigan law. *See Hurst v. Dep't. of Corr. Parole Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615, 617 (1982); *Juarez v. Renico*, 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). The *Hurst* court found that Michigan's parole statute provides that a prisoner shall not

be released until his minimum term of imprisonment has been served, but that it *allows* an early parole as an exception to the minimum term provision. *Hurst*, 119 Mich. App. at 29, 325 N.W.2d at 617. While the statute provides factors for the Parole Board to consider, it does not mandate parole if certain criteria are met. *Id.* The Michigan Court of Appeals concluded that the State's statute "creates only a hope of early release," rather than a right to release. *Id.* As Petitioner has no protected liberty interest in parole, his claim is not cognizable on federal habeas review. Petitioner has also not shown that he is being held beyond the expiration of his sentence. Habeas relief is therefore not warranted in this case.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims in his habeas petition and that the petition must be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the

petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right such that a certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis*. as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.

\_\_\_\_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2008